The next case called Oral Argument is People v. Ewing Mr. Ewing filed a 2-1401 petition which was dismissed and he urges this court to reverse. There are two crucial points in this case to be kept in mind. First, Jack Doran was the prosecutor who presented the original indictment. He got an indictment on only one offense, unlawful use of weapons. Now the state admits that it already knew everything it needed to know to charge Mr. Ewing with first-degree murder at the time that it charged this lesser offense. Two years later, long, long time after the speedy trial time had passed, the state charged Mr. Ewing with murder. Both charges, the unlawful use of weapons and the murder, are based upon the identical acts and the identical facts. Now the second point, Jack Doran, the same lawyer who filed the lesser charge under unlawful use of weapons on the indictment, became Mr. Ewing's defense lawyer. He was the defense lawyer at the time the charge he was tried on was filed for murder. Even though the speedy trial time had run, he made no claim under the mandatory joinder rule to have this dismissed and that's all he needed to do. But if he'd done so, he would have had to have pointed out that he was the one who violated the mandatory joinder rule in the first place. That's the whole case in a nutshell. Mr. Ewing filed a 2014-01 petition which alleged that the murder charge was brought in violation of the mandatory joinder rule. The speedy trial time had run and the attorney didn't make a claim. The state doesn't dispute any of these facts. The state doesn't dispute that there was a violation of the mandatory joinder rule. The state does not dispute that there was an actual per se conflict of interest that was involved here with Jack Doran being the prosecutor on the indictment and the defense attorney that needed to attack the indictment. The state does not claim that Mr. Ewing knowingly waived this actual conflict of interest. If Doran, acting as defense counsel at the time of the trial, had urged about a violation of the mandatory joinder rule, he would have to have implicated himself. He would have to have deliberately made some kind of decision that he was going to throw himself under the bus. He was going to have to choose between his ongoing relationship with the state of Illinois as a fiduciary and as an attorney for Mr. Ewing, and he had to choose who to protect. Did Ewing know this all along, that he had been the prosecutor, present the evidence to the grand jury? He was told, and there is a place in the record where he was told, that there was a potential conflict of interest. Can you tell us what it was? He said, Doran stated in the open court that he was the assistant who had indicted Mr. Ewing on the charge and said that Mr. Ewing was, quote, willing to waive any potential conflict that may or may not exist. The defendant said that. I'm sorry? The defendant said that. No, Jack Doran said that Mr. Ewing was willing. I'm sorry. Yes? Well, if you've finished, I don't want to interrupt. I'm sorry. It's your position that he could not have knowingly waived that conflict? I think he could have, certainly he could have. Knowingly? Huh? Knowingly? I mean, how does he? It would have been very difficult. Well, that was my question. He can't knowingly waive it if he doesn't really understand what he's potentially waiving. Right, that is exactly the point. On page 22 of the brief, we cite the Coleman case, a leading case on this, where the defense attorney was simultaneously representing key witnesses for the state and the defendant. And there was a, quote, waiver of a potential conflict of interest, and this court said that's not good enough when there's a per se conflict of interest or an actual conflict of interest. In order for the waiver to be sufficient, the defendant has to know how that actual conflict affects his case. So in this case, he would have been told, you know, you can get this murder trial dismissed, but you'll have to have a different lawyer. If you want to give that up, that's okay. He's not going to be able to challenge anything that happened before. He's not going to be able to allege a mandatory joint rule violation. He'd have to be a lawyer almost to understand that. It's not going to be explained in any way at all. And the case was very clear that the potential conflict of interest waiver does not waive an actual conflict of interest. The actual conflict has to be explained. He was told there was only a potential conflict. And I'd also point out, the state doesn't say that the waiver is sufficient. They don't argue that the waiver is sufficient. So Doherty had to protect himself, he had to protect the state of Illinois, and he had to protect Mr. Ewing, and he couldn't do all those things at the same time. And he decided not to protect Mr. Ewing. So the state's only argument then is that the 214-01 petition is late. And it's not late. It was filed past the two-year limitation, but when the defense attorney remains silent, when he's supposed to give information to the defendant, that is a failure to disclose that amounts to a fraudulent concealment, which is sufficient under the Act. We have a fraudulent concealment where the defense attorney fails to reveal what he needs to reveal. In this case, because there's a conflict of interest, because the state of Illinois is involved, because the attorney did not reveal what he needed to reveal, then this 214-01 petition is considered timely. So what's the remedy? We would ask this court to remand this case for further proceedings on the 214-01 petition. Unless there are questions. I don't believe so. Thank you, counsel. Counsel? Good afternoon, Your Honor. My name is Mark McCord. Counsel? The court will indulge me now. I want to read a couple passages out of the cases, which probably synopsize our position with regards to fraudulent concealment. There's been a lot of discussion here concerning speedy trial, conflict of interest, et cetera. I don't dispute, I don't agree, I don't do anything, because we don't want to put the cart before the horse here. The circuit court dismissed this 214-01 petition on the grounds that it's untimely. 214-01 is a civil pleading. So the assertion of an affirmative right on the state's part to basically terminate this 214-01 on the grounds of timeliness of statute of limitations is really the only consideration that's germane at this point. If we're wrong, if the court was wrong at that point, then, of course, then it goes back. Any civil proceeding would, and the state would be required to answer it when proceeding along those usual procedural mechanisms for 214-01. So when the defendant argues that the state is sort of the terminology used, it doesn't dispute, it implies an agreement. And I want to make it perfectly clear for the record, I don't agree with anything that the defendant is saying in regard to their personal opinions, perhaps. I'm not going to agree with anything at this point. Right now, the issue for this court is whether or not the circuit court's decision to dismiss a petition on timeliness grounds that came on the state's motion was appropriate. Now, the case law is that a statute of limitations being asserted by a party that has the right to do so is a vested right. The circuit court does not have the discretion to deny it unless the defendant can satisfy the factual prerequisites for one of the tolling provisions or for an exclusion. In that case, it would be an exclusion to be avoided, which is the only thing that the defendant asserted in his 214-01 petition. I mean, it does bear mentioning that a lot of discussion here about the state and its equitable and its fraudulent concealment and Catholic interest and et cetera, et cetera. None of this appears in the defendant's plea to the law. This is the brilliance of Mr. Wells. He got lucky in that regard, I suppose. But in that sense, I do want to emphasize this. I think we need to take a closer look at what constitutes fraudulent concealment. Because as I understand the defendant's argument, essentially the derivative of the argument is this, that because this attorney labored under conflict of interest and therefore is not essentially compelled to allege or purport his own infections for not raising this motion to dismiss and speak trial grounds, that that's tantamount to essentially precluding the ability of the defendant to raise the issue. Now, here's where I go, and I'm going to start by quoting this court in a case called S.I. Securities v. Powell. The standard for proving fraudulent concealment sufficient to toll the statute of limitations has long been established by the Illinois Supreme Court. And I cite this at the end of my briefing. In general, where a plaintiff alleges that the fraudulent concealment of a cause of action is tolled, the statute is necessary to show affirmative acts by the defendant which were designed to prevent and, in fact, did prevent the discovery of the claim. This court goes on to state, the fraudulent misrepresentations afford a basis for the cause of action that do not constitute fraudulent concealment. In the absence of a showing of the misrepresentation, tended to conceal the cause of action. So at this point, we have to have an affirmative act, and the affirmative act is designed to conceal the cause of action. Further, even if a section 2-141 petitioner can show that the respondent made fraudulent misrepresentations, the limitations will not toll, but the petitioner could have discovered the grounds for section 2-141 relief, the exercise of ordinary diligence. The other case I'm going to quote from Cook is called the Importance of McLaughlin. And it just sort of hits on that final theme here. The defendant must show clearly through factual allegation that he previously made diligent attempts to uncover matters in the output courts entitled him to judicial relief or otherwise demonstrate in significant detail how he could not have obtained such information before the limitations period expired or at a prior post-conviction proceedings. Okay. This court is probably aware of Mr. Ewing and the fact that he's never been shy about filing lots of stuff. Okay. Now, the defendant raises a speedy trial argument. The defendant below raises a speedy trial argument. The defendant argues facts that he purports to be a per se conflict of interest. Every single one of these facts is in the record. Now, if facts in the record, which form the basis for a legal argument, is not something that can be discovered through the exercise of ordinary diligence, particularly a defendant, and it's not a matter of whether he has the legal knowledge or not. The only question is whether or not he can discover the facts that give rise to this. That is what constitutes fraudulent concealment. There is no concealment in this case. There's nothing in this record, nothing outside this record, the defendant points to, which constitutes the basis for his argument that these facts are fraudulent concealment. It's all been there all along. Years and years it's been there. And only now, nine years, almost nine years after the final judgment, does it arise. It's really a simple case in that regard. If the court applies, as the circuit court did, the commonly understood meaning of what fraudulent concealment. And what we're not seeing here is we're seeing a lot of arguments about fraud, but not a lot of arguments about concealment. Nothing was done to hide this from the defendant. It was all there. And the court's made clear that you don't stand by if passivity does not equal concealment. And when those facts are excellent, and they can be discovered through an exercise of morality and diligence, as this defendant has mentioned in the record a lot of times, then it's inconceivable to me how it could possibly be fraudulent concealment. And the only thing the defendant raised below was that the judgment was void. The defendant doesn't take up that issue on appeal in just the five minutes. So it's clear the circuit court had the power to enter the judgment and had subject and personal jurisdiction. So that's my case in a nutshell. Can I ask you, do you agree with the defendant that this would be per se a conflict? It could. It could. And can you? But don't ask me to show you this. Here, it's working. I was going to ask you when it could and when it couldn't be. You're asking me to ride the car before the horse. And again, that's something only the defendant will know. But if it comes to that, the point of the matter is that even if this court has acknowledged as much of this as a security case, and even earlier the defendant raises his rights, if it's time-bound, it's time-bound. And there have been reasons for that, but this court specifically articulated this as security. At some point, judges become final. And I know this is a criminal defendant, and the defendant will argue, as he's very good at doing, that this is just unfair and not right. But the fact of the matter is this is a 2-1401 civil pleading. Civil and criminal defendants are subjected to the same rules and the same cleaning requirements and the same statute of limitations that civil pleading is. And there's no exception, and the courts make clear in People v. Vincent, which is discussed in this court's asset securities case, that the courts have not considered 2-1401 as essentially equitable relief, but there's statutory relief there here too, strictly by the rules of civil practice. So the defendant asserts a right when the defendant can't establish through specific facts of a concealment. And the circuit court had no choice but to grant the motion to dismiss. And this court has no choice but to affirm that decision. Let's assume that this was not, and I'm not asking you to concede this, let's assume for the sake of argument this was not a potential conflict but a per se conflict. Let's also assume for the sake of argument that as a per se conflict, the contours of that conflict were not explained to the defendant, either by the court that the waiver was made or presumably by counsel, because there would be nothing in the record indicating that it was so explained. Does that equal concealment? No. Why not? Like any trial, if it's there and it can be raised, it's not concealment. You have to understand that concealment precludes the ability to raise it, not just within the trial, but within the limitations of the claim, which is two years. That's two years post-judgment. So the fact that he wasn't informed at the time doesn't create an ad infinitum of concealment, because what you're essentially saying is by not informing the defendant of the error that occurred at the trial. Well, if that were the case, then almost every trial error would be fraudulently concealed because it imputes a belief that the defendant has to be explained after the fact that it happened. Let me refine my question, because that really wasn't what I was getting at. And that's my fault. Let me refine it. Let's take all of those assumed factors, and the defendant participates in or witnesses actions in court that appear colorably to deal with this conflict. Does that constitute concealment? In other words, a defendant who's thinking, well, there may be some conflict. This is the guy who, you know, indicted me back there, but, you know, he knows what he's doing. He's good. He's been on both sides. He knows how they think on the other side. I'm waiving the conflict, and we're going to roll with him. Does that constitute concealment when he doesn't? If, taking my assumptions, he does not know the nature and extent of the conflict, other than the obvious being he was an assistant state's attorney, and now he's a defendant, and the details and parameters of the conflict are not explained by the trial court. The difficulty I have in answering your question is that if one is involved here there's essentially facts that appear in a record which would form the basis for an argument. Right. Now, so I think what I've seen, and I may still be misunderstanding, because there's been a kind of a shift from is it concealment if you're not being apprised of facts that could constitute a conflict of interest versus are you precluded from ever finding facts within the limitations period, which would constitute grounds to raise a particular claim. I think, and I don't want to be a dead horse, and I may not even answer your question, Justice Klobuchar, but I think what it comes down to is that if the basis for the claim exists and it can be discovered, then the defendant's personal ability to personally articulate that claim is not really to control the fact. The ability is to discover those facts, which could lead to that claim being raised. Well, I guess what I'm really getting at, there's no question on the record that it was discoverable. Does it make any difference that the defendant may have been lulled into not taking actions to discover because he thought it was waived? Well, then you start splitting hairs, because you have to ask yourself what is lulled. Now, was the defendant, say, told? Was something given, let me put it that way, from the defendant, affirmative, given by counsel, by somebody, that effectively precluded any ability of his part? And that almost per se requires some sort of fact that's off the record in order for that to really actually exist. Then that would be in the nature of fraudulent concealment, because the defendant is being actively disadvised about something. I think that would be much closer. But what we don't really have here, what we have here, I mean, we do have, I mean, this is a record where the defendant's counsel gets up and says, hey, I was the attorney who was involved in the original indictment's case for the FOID violation and I wanted to bring that to the court's attention. So, I mean, it sort of swings, actually, the opposite direction, and those facts are being laid bare about this attorney's involvement in this case from the get-go, which I think makes it all the more puzzling why it could have been raised in this way. Well, I'm going to go ahead and ask a question. I don't know what the ARDC's involvement, if any, was in this, but I know of cases where there have been sanctions, certainly, for very similar conduct. So is that fraud when Dougherty, presumably, as an attorney of the law, knows that he shouldn't be doing that? Fraudulent concealment. Concealment, yes, that he did not advise his client. You significantly dropped the layer of carpet. I did. I didn't mean to thank you for supplying it. I mean, that's sort of the point I'm getting at is you could still do something and get sanctioned by the ARDC. I know, but if he knows it, if it's something that he should know and does know, can he conceal it? Well, then it's already a terrible act if the defendant has the ability to exercise due diligence, ordinary due diligence. And ordinary due diligence means that he needs to go out and hire a lawyer to discover that, because certainly he's not going to know that as a layperson. I think ordinary due diligence is if they're available for him to find. Okay. It's in the record. That's the point. If we're going to get to the point where fraudulent concealment extends the things that are in the record could have been raised by the defendant or any counsel, on direct appeal, post-conviction, whatever, then we might as well chuck fraudulent concealment out the window, because it doesn't mean anything anymore, because you could just raise the same argument the defendant's making here. Well, you didn't raise it at the trial court level. How does the defendant's office know about that? That's not the standard. The standard for something is hidden. It precludes you in any fashion, by any way, by any mechanism, by any attorney representing you, to raise a particular claim. Yeah, but this is a little different because he has a motive, perhaps, to not raise it, meaning the authority. But it's still not concealment here. Okay. I think a lot of this is, like I said, okay, a lot of talk about fraud, not a lot of talk about concealment. And the two are conjoined. As much as maybe you don't like an attorney doing something, if he hasn't done something that's, for two years, prevented the defendant from raising an issue, that's the end of the discussion. Hey, look, you know, this defendant's had a lot of due process. He's had post-trials, and, I mean, it just goes on and on and on. Yeah, we've heard of it. Yeah, exactly. So, I mean, if this is something that's taken nine years to raise, it certainly falls within the ambit of the law. The law says, hey, you've had a chance, and this is going to be lost. And that's the right that the state has to raise in the 2-14-1 proceeding. It's a civil proceeding. The defendant chose to pursue this, and we're now debating an issue that the defendant didn't even raise below. So he's getting a lot more now than he probably entitled to. But in that case, the circuit court's judgment is certainly fashionally legal, correct? And I really don't know. Well, thank you. Thank you. And if you need more time, Mr. Wells, and I'm sorry, I'm usurping your time. No, not at all. You're absolutely right. You took the words out of my mouth. If you need more time, we'll give that to you also. But let me ask you the same question. Does going through an action in open court, which appears to constitute waiver of any conflict, potential, actual, per se, constitute a lulling that would constitute tolling of the statute? I think that we're the – I hope this is going to answer your question. I think what the state false department is that they're acting as though this was a plumber. They're acting as though this was somebody's neighbor. They're acting as though this was a guy who fixed his car. This was his lawyer. That's where the difference lies. I would point out this for the folks in the case beside page 7 of the brief. The rule that in the case of fraud, the statute of limitation begins to run only from the time of the discovery of the fraud will not apply. Where the party affected by the fraud might, with ordinary diligence, have discovered it. So let's say, hey, you could have discovered it right then or that day. So that's the first part of the rule there. But then here's the quote goes on. It says, but the failure to do such diligence may be excused where there exists some relation of trust and confidence as principal and agent, attorney and client, between the party committing the fraud and the party who was affected by it, rendering the duty of the former to disclose to the latter the true state of the transaction. And that's where it turns. It turns on that fiduciary relationship. It's all part and parcel of the waiver that we were just discussing a second ago. Because he did not fully and fairly disclose the per se conflict of interest, he was concealing the true nature of the transaction. It excuses the defendant from due diligence. He places his trust in his lawyer. I will quote this court, page 10 of the brief. We have held that the attorney-client relationship constitutes a fiduciary relationship. As we observed in Burlesque, close monitoring of the attorney's conduct would be impossible for most clients. And they are not qualified to undertake that type of monitoring. Because those who utilize legal services place a great deal of trust in their attorney. The attorney-client relationship presents significant potential for abuse. And the abuse we're talking about here is the lawyer of this defendant into believing that everything was OK. Because he was not told about the extent of this per se. He was told that there was a potential conflict that might arise. He wasn't told what the conflict was. And then another point that the state is trying to make is that there's no concealing here. Well, that's not true. There was concealing. Silence alone on the part of the defendant, this is on page 12 of the brief, accompanied by the failure of the plaintiff to discover a cause of action ordinarily does not constitute fraudulent concealment. However, it is the prevailing rule that between persons sustaining a fiduciary or trust of or of confidential relationship toward each other, the person occupying the relation of fiduciary or of confidence is under a duty to reveal the facts to the plaintiff or to disclose what he should disclose in as much as a fraud is actual, affirmative, false representation of fact, and mere silence as part of a cause of action can give rise because of his duty to disclose. And so if he has a duty to disclose and he does not disclose, that is fraudulent concealment. Now, it doesn't apply to lawyers or your next board member or somebody else. But it does apply to your lawyer. And that's where the state's case falls out. The argument they were making up here was as if this guy was a lawyer, and he wasn't. He was this guy's lawyer, and he trusted him. There's insufficient waiver because there's insufficient waiver. The time doesn't run. It's 214.01. It's time. And a perfectly valid claim should be reviewed unless there's other evidence about it. I don't believe so. Thank you, counsel. We appreciate the briefs and arguments of counsel. We'll take the case under advisement. If there's any no further cases, docket, or floral, are you in court to adjourn the case? All rise.